# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK F. DUARTE,<br><br>    Plaintiff,<br><br>  v.<br><br>ENEMOH, et al.,<br><br>    Defendants. | Case No. 1:15-cv-01213-AWI-DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

Plaintiff Patrick F. Duarte ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 5, 2015. He names Chief Medical Officer Anthony Enenmoh, Dr. Chinyere Nyenke, Dr. David G. Smith, Dr. James Jackson, Dr. Frank Chang, Southeast X-ray and Radiology Associates as Defendants.

**A.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid,

1

the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, where the events at issue occurred.

Plaintiff alleges that he suffered a work-related injury to both shoulders on March 11, 2011. He was seen by the facility nurse, who confirmed shoulder injuries and pain in both shoulders.

On March 15, 2011, Plaintiff saw Defendant Nyenke. Defendant Nyenke diagnosed a right shoulder injury as a "biceps rupture with contraction" and "right biceps constant with possible biceps

tendon rupture." ECF No. 1, at 3. Defendant Nyenke confirmed pain in both shoulders and recommended an urgent MRI of the right shoulder and an x-ray of the left shoulder.

On March 18, 2011, Plaintiff had an x-ray of his left shoulder.[1] The x-ray was read by Defendant Radiology Associates, finding "no significant pathology." ECF No. 1, at 3. Plaintiff alleges that this was later determined to be wrong. Plaintiff underwent an MRI of his left shoulder on both May 17, 2011, and November 11, 2011.

On March 22, 2011, Plaintiff had an MRI of his right shoulder. Defendant Southeast X-ray indicated that the MRI was normal, with no evidence of a rotator cuff tear, no significant joint space effusion, and no evidence of muscle, ligament or tendon disruptions. Plaintiff states that this was later determined to be incorrect based on a May 8, 2012, MRI.

On March 29, 2011, Plaintiff returned to Defendant Nyenke. Defendant Nyenke diagnosed "right biceps injury/tendon rupture," which was incorrect based on the March 22, 2011, MRI. Defendant Nyenke confirmed pain in both shoulders and recommended orthopedic surgery.

On March 30, 2011, Defendant Smith confirmed "biceps appear intact," and confirmed the "unnecessary surgery recommendation." ECF No. 1, at 4. Defendant Smith identified the "alleged biceps tear" as a possible lipoma. He confirmed pain in both shoulders and recommended an excisional biopsy of the mass on the right shoulder.

On April 27, 2011, Defendant Smith stated, "In addition to the right shoulder, there is a mass in the deltoid region which appears to be a lipoma but I cannot be certain." ECF No. 1, at 4. Defendant Smith recommended a biopsy of the mass in the right shoulder.

On May 17, 2011, Plaintiff underwent another MRI of his left shoulder.[2] Southeast X-ray read the test and found severe impingement syndrome and extensive marrow edema. Plaintiff states that this MRI, and the one performed on November 22, 2011, contradict the findings of the March 18, 2011, x-ray.

///

///

---

[1] Plaintiff states that the report is incorrectly labeled, "right shoulder."

[2] Plaintiff states that the report is incorrectly labeled, "right shoulder."

3

On May 25, 2011, Defendant Smith again diagnosed a slightly tender mass in the right shoulder, deltoid region and noted a "rubbery type of mass consistent with lipoma." ECF No. 1, at 5. Defendant Smith recommended an excisional biopsy.

On July 19, 2011, Plaintiff asked Defendant Nyenke for another MRI of the right shoulder. Plaintiff told Defendant Nyenke that he felt the muscle in his right deltoid tear on March 15, 2011, and that this is when the lump, which is now diagnosed as a lipoma, developed. Defendant Nyenke found that there was no indication for a repeat MRI, "as the function has remained the same per patient." ECF No. 5, 45.

On August 30, 2011, Plaintiff saw Defendant Nyenke for a chronic care follow up. Defendant confirmed that Plaintiff had informed her and Defendant Smith that the right shoulder deltoid muscle had torn. She confirmed pain in both shoulders.

On November 22, 2011, Plaintiff underwent a second MRI of the left shoulder. The test showed a complete tear of the supraspinous tendon, a large partial tear of the infraspinatus tendon and degenerative changes.

On March 28, 2012, Defendant Smith confirmed the complete rotator cuff tear in the left shoulder. He also noted that a repeat MRI of the right shoulder was pending. The previous MRI of the right shoulder was "read as normal." ECF No. 1, at 6. Defendant Smith confirmed pain in both shoulders.

On May 8, 2012, Plaintiff had a second MRI of his right shoulder, which revealed evidence of a chronic tear with muscle retraction atrophy of the supraspinatus and infraspinatus tendons.

Defendant Smith recommended an MRI of the right shoulder on July 11, 2012, to see if the mass in Plaintiff's right deltoid muscle is a lipoma or ruptured deltoid muscle.

On September 25, 2012, Defendant Jackson determined that Plaintiff did not meet the criteria for a right shoulder MRI, and indicated that he would seek a third opinion in the Triage and Treatment Area ("TTA") and Correctional Treatment Center ("CTC"). Defendant Jackson ordered a biopsy of the mass in the right shoulder to determine the nature of the mass.

On October 4, 2012, Defendant Smith again recommended an MRI of Plaintiff's right shoulder.

4

Defendant Jackson called Plaintiff into the clinic on October 19, 2012, and told Plaintiff that he was scheduled for a needle biopsy. He redirected Plaintiff to the TTA at approximately 3:30 p.m. Defendant Chang examined Plaintiff's right shoulder deltoid area.

On November 15, 2012, Defendant Smith recommended an MRI of the right shoulder to determine the nature of the mass. Defendant Smith called Defendant Jackson about ordering the MRI.

Defendant Jackson ordered a needle biopsy at TTA on November 27, 2012.

On January 8, 2013, Defendant Chang examines Plaintiff's right shoulder deltoid muscle for a possible needle biopsy.

On March 11, 2013, Defendant Chang rejected the punch biopsy and recommended excisional biopsy.

On August 28, 2013, Defendant Smith again recommended an MRI of Plaintiff's right shoulder to determine the nature of the mass. The MRI was denied by Defendant Jackson, who then recommended an excisional biopsy. Defendant Jackson noted that this would be a "prudent move" but Plaintiff declined the procedure. ECF No. 1, at 7. Plaintiff did not meet the criteria for an MRI.

Based on these facts, Plaintiff alleges a violation of the Eighth Amendment.

**C.  DISCUSSION**

1.  Defendant Enenmoh

As noted above, Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

Plaintiff does not include any factual allegations relating to Defendant Enenmoh, and it is therefore unclear how he is involved in the alleged deprivation of Plaintiff's rights. Plaintiff therefore fails to state a claim against him.

2.  Eighth Amendment

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference

to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff's complaint demonstrates that he received constant care for his shoulders for over two years.  He was examined by numerous physicians and underwent numerous diagnostic tests.  His allegations also demonstrate that during this period, diagnostic testing results changed and treating sources had differing opinions as to the proper course of treatment.

The course of Plaintiff's treatment, however, does not demonstrate that any Defendant acted with deliberate indifference, i.e., that any of Defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety."  Farmer, 511 U.S. at 837.  To the contrary, the named Defendants provided medical care consistent with their examinations and interpretations of diagnostic test results.

Plaintiff's disagreement with the suggested treatment does not rise to the level of an Eighth Amendment violation.  A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [section] 1983 claim."  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted); accord Snow v. McDaniel, 681 F.3d 978, 987-88 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012).  To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard

of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted); accord Snow, 681 F.3d at 987-88. Plaintiff has not made such a showing.

Indeed, Plaintiff's description of his cause of action is more aligned with a negligence claim. For example, he argues that Defendants were deliberately indifferent because they "had a duty to exercise the degree of care and skill ordinarily exercised in like cases by reputable members of the health care profession similarly providing medical care in the same locality under similar circumstances." ECF No. 1, at 8. However, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1977). Even assuming Defendants erred, an Eighth Amendment claim may not be premised on even gross negligence by a physician. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff therefore fails to state a claim against any Defendant for violation of the Eighth Amendment. At most, Plaintiff has alleged a state law negligence claim, a claim over which this Court would not have jurisdiction absent a viable federal claim. 28 U.S.C. § 1367(c)(3); Parra v. PacifiCare of Az., Inc., 715 F.3d 1146, 1156 (9th Cir. 2013); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

## D. CONCLUSION AND ORDER

Plaintiff's complaint does not state any cognizable claims against any Defendant.

Plaintiff has not previously been provided with notice of the deficiencies in his claims and the Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's

constitutional rights and liability may not be imposed on supervisory personnel under the mere theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order;
4. If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **November 20, 2015**           /s/ Dennis L. Beck
                                      UNITED STATES MAGISTRATE JUDGE