**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK F. DUARTE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ENEMOH, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-01213-DAD-DLB PC<br><br>FINDINGS AND RECOMMEDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>THIRTY-DAY DEADLINE |

Plaintiff Patrick F. Duarte ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 5, 2015. Pursuant to Court order, he filed a First Amended Complaint on December 23, 2015. He names Dr. Chinyere Nyenke, Dr. David G. Smith, Dr. James Jackson and Dr. Frank Chang as Defendants.

**A.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . .

1

fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at California State Prison- Los Angeles County. The events at issue occurred while he was incarcerated at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California.

Plaintiff alleges that he suffered a work-related injury to both shoulders on March 1, 2011. He was seen by the facility nurse, who confirmed shoulder injuries and pain in both shoulders.

///

///

On March 15, 2011, Plaintiff saw Defendant Nyenke. Defendant Nyenke diagnosed a right shoulder injury as a "biceps rupture with contraction" and "right biceps constant with possible biceps tendon rupture." ECF No. 12, at 3. Defendant Nyenke confirmed pain in both shoulders.

On March 29, 2011, Plaintiff returned to Defendant Nyenke. She confirmed pain in both shoulders.

On March 30, 2011, Defendant Smith confirmed the "unnecessary surgery recommendation of March 29, 2011, supported by MRI procedure of March 22, 2011, and May 8, 2011." ECF No. 12, at 3. Defendant Smith identified the "alleged biceps tear" as a possible lipoma. ECF No. 12, at 3. He confirmed pain in both shoulders and recommended an excisional biopsy of the mass on the right shoulder.

On April 27, 2011, Defendant Smith stated, "In addition to the right shoulder, there is a mass in the deltoid region which appears to be a lipoma but I cannot be certain." ECF No. 12, at 3. Defendant Smith recommended an excisional biopsy of the mass in the right shoulder.

On May 17, 2011, a report found impingement syndrome and extensive narrow edema beneath the tear and retraction.[1] Plaintiff states that this procedure, and one performed on May 22, 2012, contradicts findings from March 18, 2011.

On July 19, 2011, Plaintiff requested another MRI of the right shoulder. Plaintiff told Defendant Nyenke that he felt the muscle in his right deltoid tear on March 15, 2011. She confirmed pain in both shoulders.

On March 28, 2012, Defendant Smith confirmed the complete rotator cuff tear in the left shoulder. He also noted that a repeat MRI of the right shoulder was pending. The previous MRI of the right shoulder was "read as normal." ECF No. 12, at 4. Defendant Smith confirmed pain in both shoulders.

Defendant Smith confirmed pain in both shoulders on July 11, 2012.

On September 25, 2012, Defendant Jackson confirmed that Plaintiff did not meet the criteria for a right deltoid shoulder MRI and indicated that he would seek a third opinion in the Triage and Treatment Area ("TTA") and Correctional Treatment Center ("CTC"). Defendant Jackson ordered a

---

[1] Plaintiff states that the report is incorrectly labeled, "right shoulder."

3

biopsy of the mass in the right shoulder to determine if the mass was a lipoma or a ruptured deltoid muscle.

Defendant Jackson called Plaintiff into the clinic on October 1, 2012, and told Plaintiff that he was scheduled for a needle biopsy. He redirected Plaintiff to the TTA at approximately 3:30 p.m. Defendant Chang examined Plaintiff's right shoulder deltoid area.

On October 4, 2012, Defendant Smith again recommended an MRI of the mass in Plaintiff's right deltoid area. He confirmed pain in both shoulders.

Defendant Jackson ordered a needle biopsy at TTA on November 27, 2012.

On January 8, 2013, Defendant Chang examined Plaintiff's right shoulder deltoid muscle for a possible needle biopsy.

On March 11, 2012, Defendant Chang rejected the punch biopsy and recommended an excisional biopsy.

On August 28, 2013, Defendant Smith again recommended an MRI of Plaintiff's right shoulder to determine the nature of the mass. The MRI was denied and/or rejected by Defendant Jackson, who then recommended an excisional biopsy. Defendant Jackson noted that this would be a "prudent move" but Plaintiff declined the procedure. ECF No. 12, at 4. Plaintiff did not meet the criteria for an MRI.

Based on these facts, Plaintiff alleges a violation of the Eighth Amendment.

**C.    DISCUSSION**

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff alleges that Defendants were made aware of his suffering, but failed to treat him. He contends that Defendants had a "duty pursuant to the Eighth Amendment" to provide for his comfort and safety, and that they knew that his health and safety would be at great risk if they failed to carry out such duty. ECF No. 12, at 5. Plaintiff then goes on to list the steps that he believes Defendants should have taken, including monitoring his condition, reporting meaningful changes to his primary care physician and implementing a protocol to minimize and control pain. He also suggests that they should have cared for him in a "non-negligent manner." ECF No. 12, at 6.

In the prior screening order, the Court explained that his allegations demonstrated that he received constant care for his shoulder over two years. During this period, diagnostic testing results changed and treating sources had differing opinions as to the proper course of treatment. While Plaintiff now omits some of the treatment in his amended complaint, perhaps to avoid this finding, his allegations fail to demonstrate that any Defendant acted with deliberate indifference, i.e., that any of Defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837.[2]

Plaintiff's disagreement with the suggested treatment does not rise to the level of an Eighth Amendment violation. A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [section] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted); accord Snow v. McDaniel, 681 F.3d 978, 987-88 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)

---

[2] Plaintiff cannot simply omit facts alleged in his original complaint in an effort to avoid certain findings by the Court.

(internal citations omitted); accord Snow, 681 F.3d at 987-88.  Plaintiff has not made such a showing.

Plaintiff's allegations continue to demonstrate no more than negligence.  Indeed, Plaintiff specifically states that Defendants had a duty to "care for [him] in a non-negligent manner." ECF No. 12, at 5.  However, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1977).  Even assuming Defendants erred, an Eighth Amendment claim may not be premised on even gross negligence by a physician.  Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff therefore fails to state a claim against any Defendant for violation of the Eighth Amendment.  At most, Plaintiff has alleged a state law negligence claim, a claim over which this Court would not have jurisdiction absent a viable federal claim.  28 U.S.C. § 1367(c)(3); Parra v. PacifiCare of Az., Inc., 715 F.3d 1146, 1156 (9th Cir. 2013); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

**D.     FINDINGS AND RECOMMENDATIONS**

Plaintiff's complaint does not state any cognizable claims against any Defendant.  He has been informed of the deficiencies of his allegations, but he has failed to correct them.  Given that Plaintiff simply omitted facts and did not set forth any additional facts to support an Eighth Amendment claim, the Court finds that further amendment is not warranted.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

The Court therefore RECOMMENDS that this action be DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim for which relief may be granted.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

///

1 | specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
2 | 1153 (9th Cir.1991).

IT IS SO ORDERED.

    Dated:   **March 5, 2016**               /s/ *Dennis L. Beck*
                                                   UNITED STATES MAGISTRATE JUDGE